## Calvin H. Hale, *et al.*, *vs.* Duncan B. Finch.

A steamer was sold by a bill of sale containing the following clause: "And it is understood and agreed that this sale is upon this express condition, that said steamboat * * is not to be run upon any of the routes of travel." * * *

Held, such clause does not contain a covenant, but that the same is a condition.

There is no ambiguity latent or patent in the language made use of by the parties, in the bill of sale.

In the absence of mistake, inadvertence, duress, or some extraordinary state of facts, which would have to be pleaded, words so explicit as those employed in this contract, must be accepted as controlling.

Surrounding facts should not be received to show the intent of the parties in such a case.

Error to Second Judicial District holding terms at Olympia.

*William Strong* for plaintiffs in error.

*Allen Bro's* for defendant in error.

Opinion by Greene, Associate Justice.

The plaintiffs in error sold the steamer *New World* to the defendant by a bill of sale. The instrument contained a clause in these words.

" And it is understood and agreed, that this sale is upon this express condition, that said steamboat or vessel is not within 10 years from the first day of May, 1867, to be run upon any of the routes of travel on the rivers, bays, or waters of the state of California or the Columbia river or its tributaries, and that during the same period last aforesaid, the machinery of the said steamboat shall not be run or employed in running any steamboat or vessel or craft upon any of the routes of travel, on the rivers, bays or waters of the state of California, or the Columbia river and its tributaries."

The plaintiffs in error, assuming this clause to be or contain a covenant, sued the defendant in error in the District court of the second district for a breach of it, and prayed damages. Issues were made, a trial was had, and upon the conclusion of the evidence for the plaintiff, the defendant moved the court to instruct the jury to find for the defendant.

The jury were accordingly so instructed.

The plaintiffs excepted, and bring their writ to correct the supposed error committed in giving that instruction. It is not disputed but that the instruction was right, if the clause above recited is a condition and not a covenant. Whether it is one or the other or both, is the main question argued here. It seems to us decisive.

We are clear that this clause is a condition and not a covenant. There is no ambiguity, either latent or patent, in the language adopted by the parties to this bill of sale. The contract is evidently drawn with care, skill and intelligence. We scrutinize it, and discover no reason to suspect that the parties to it mean anything other than what they clearly say. Emphatically they declare, "It is understood and agreed, *that this sale is upon this express condition.*" What is understood and agreed? Why, that the sale is upon *condition* which the vendor goes on thereafter particularly to express. Certainly, a condition that is not understood and agreed upon by parties, is no condition.

A condition, then, that they explicitly take pains to state, is understood and agreed upon by them as such—is conspicuously one.

We do not feel it incumbent upon us to cite authorities. The law is plain and elementary. The books are all one way. We believe no reported case can be found where words in themselves clearly importing a mere condition, and unassociated with other words, which qualify them or render their intended sense doubtful, have been held to import a covenant.

It is urged by the plaintiffs in error that we ought to judge of the intent of the parties here by the surrounding facts. But the most important facts surrounding their intent, and intending to disclose it, are the words they have chosen to record it.

Words, so explicit are controlling always, unless mistake or inadvertence, or duress, or imbecility, or some other extraordinary set of facts be present, which shows that they cannot be relied upon to reveal the concerted mind of the parties.

But such extraordinary circumstances would need to be pleaded. They are not claimed in this case. Minds are presumed to act freely, intelligently and accurately, where the contrary does not appear.

It is not necessary here to look beyond the words the parties have employed. But were we to do so, we should only be the more strongly constrained to the conclusion, that they intended what they have said.

The charge of the judge in the District court was right. The remedy of the plaintiffs is against the vessel itself for a forfeiture, and not against the vendee personally, for damages. The judgment of the court below is therefore affirmed.